UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FEDERAL INSURANCE COMPANY,
et al.,

        Plaintiffs,

v.                                    Case No. 8:10-cv-682-T-33AEP

BANYON 1030-32, LLC, et al.,

        Defendants.
_____/


IRONSHORE INDEMNITY, INC.,

        Plaintiff,

v.                                    Case No. 8:10-cv-1422-T-33AEP

BANYON 1030-32, LLC, et al.,

        Defendants.
_____/

**ORDER**

    This matter comes before the Court pursuant to Movant Ironshore Indemnity Inc.'s Motion to Consolidate for Purposes of Discovery (Doc. # 62) filed on July 14, 2010 in Case Number 8:10-cv-682-T-33AEP.  No responses in opposition were filed. Thus, upon review of the motion and Federal Rule of Civil Procedure 42, which governs the consolidation of related matters, this Court consolidates the above-captioned cases for the purposes of discovery.

Rule 42(a), Fed. R. Civ. P., states: "If actions before the court involve a common question of law or fact, the court may (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay."  Id.

In Hendrix v. Raybestos-Manhattan, Inc., 776 F.2d 1492 (11th Cir. 1985), the Eleventh Circuit, commenting on the provisions of Rule 42, Fed. R. Civ. P., noted, "This rule is a codification of the trial court's inherent managerial power 'to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" Id. at 1495 (citing In re Air Crash Disaster at Fla. Everglades, 549 F.2d 1006, 1012 (5th Cir. 1977)).  The Hendrix court further explained, "We have encouraged trial judges to make good use of Rule 42(a) in order to expedite the trial and eliminate unnecessary repetition and confusion." Hendrix, 776 F.2d at 1495.

A trial court's decision to consolidate similar cases is purely discretionary. Id.  However, in determining whether to employ the consolidation provisions of Rule 42(a), Fed. R. Civ. P., the trial court must assess:

> [w]hether the specific risks of prejudice and possible confusion are overborne by the risk of inconsistent adjudications of common factual and

-2-

> legal issues, the burden on the parties, witnesses
> and available judicial resources posed by multiple
> lawsuits, the length of time required to conclude
> multiple suits against a single one, and the
> relative expense to all concerned of the single-
> trial, multiple-trial alternatives.

Hendrix, 776 F.2d at 1495.

In consideration of the many commonalities between the aforementioned cases, this Court determines that consolidation of the cases for the purposes of discovery is appropriate. The consolidation of these cases for the purposes of discovery will eliminate the risk of inconsistent adjudications of common factual and legal issues.  Further, consolidation for the purposes of discovery will lessen the burden on the parties, witnesses, and available judicial resources. Consolidation for the purposes of discovery will also help eliminate unnecessary repetition and confusion.

Finally, in light of the many commonalities between these cases, this Court determines that complete consolidation may be appropriate.  As such, the parties are directed to confer within ten (10) days of the date of this Order regarding complete consolidation under Rule 42(a), Fed. R. Civ. P., and, if any party objects to such complete consolidation, such party is directed to show cause in writing within twenty (20)

days of the date of this Order why the aforementioned cases should not be completely consolidated.

Accordingly, it is now

**ORDERED, ADJUDGED, and DECREED:**

(1)  Movant Ironshore Indemnity Inc.'s Motion to Consolidate for Purposes of Discovery (Doc. # 62) is **GRANTED.**  The Clerk is directed to **CONSOLIDATE** case 8:10-cv-682-T-33AEP and case 8:10-cv-1422-T-33AEP for the purposes of discovery only.

(2)  The parties are directed to confer within ten (10) days of the date of this Order regarding complete consolidation under Rule 42(a), Fed. R. Civ. P., and, if any party objects to such complete consolidation, such party is directed to show cause in writing within twenty (20) days of the date of this Order why the aforementioned cases should not be completely consolidated.

 **DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 12th day of August 2010.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

-4-

Copies:

All Counsel of Record