```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                          TAMPA DIVISION
```

FEDERAL INSURANCE COMPANY,
et al.,

    Plaintiffs,
v.                              CASE NO:  8:10-cv-682-T-33AEP
                                                                                     (Lead Case)
BANYON 1030-32, et al.,

    Defendants.
_____/

IRONSHORE INDEMNITY, INC.,

    Plaintiff,

v.                              CASE NO:  8:10-cv-1422-T-33AEP
                                                                                    (Member Case)
BANYON 1030-32, ET AL.,

    Defendants.
_____/

**<u>ORDER</u>**

This cause comes before the Court pursuant to Plaintiffs Federal Insurance Company, St. Paul Fire and Marine Insurance Company, RLI Insurance Company, Columbia Casualty Company, Westchester Fire Insurance Company, and Zurich American Insurance Company's (the "Federal Insurance Plaintiffs") Response to the Court's Order and Election to Proceed Against Non-Bankrupt Defendants (Doc. # 68) filed on September 7, 2010.[1]  Also before the Court is Defendants Banyon 1030-32,

---

[1] Ironshore Indemnity, Inc. filed a notice of joinder on September 9, 2010, in which it joined in the Federal Insurance

LLC, Banyon Funding, LLC, Banyon Capital LLC, Banyon Investments, LLC, Banyon Resources, LLC, Banyon Income Fund, LP, and Banyon USVI (DEL), LLC's (the "Banyon Defendants") Response (Doc. # 70) filed on September 15, 2010.[2] By their Response and Election, the Federal Insurance Plaintiffs ask this Court to find that the automatic stay does not bar this matter from proceeding against the non-bankrupt Banyon Defendants. (Doc. # 68). In contrast, by their Response, the Banyon Defendants ask this Court to find that the automatic stay bars this matter from proceeding in its entirety. (Doc. # 70). Upon due consideration, the Court finds that the automatic stay bars this matter from proceeding in its entirety.

---

Plaintiffs' Response and incorporated the arguments contained therein. (Doc. # 69).

[2] The docket entries cited herein reference documents filed in the lead case of 8:10-cv-682-T-33AEP. The member case of 8:10-cv-1422-T-33AEP is in an identical procedural posture due to Banyon 1030-32's involuntary bankruptcy proceedings and the existence of the insurance policy at stake issued to Banyon 1030-32 by Ironshore Indemnity, Inc. Accordingly, the analysis regarding the scope of the automatic stay's protection discussed herein applies with equal force to both of the above-captioned cases, and both cases will be stayed and administratively closed in their entirety pending the resolution of the bankruptcy proceedings.

I. **Background**

This lawsuit involves insurance policies[3] which the Federal Insurance Plaintiffs issued to the Banyon Defendants. (Doc. # 1). The primary insurance policy, number 8211-9251, was issued to Defendant Banyon 1030-32, which the Federal Insurance Plaintiffs identify as the Banyon "Parent Organization." (Doc. # 1 at 8). According to the complaint, each additional excess layer insurance policy was also issued to Banyon 1030-32. (Doc. # 1 at ¶¶ 37, 39, 42, 45, 50, 51, 53, 58).

In their complaint, the Federal Insurance Plaintiffs request: (i) that this Court declare the insurance policies null and void ab initio and declare that the Federal Insurance Plaintiffs owe no obligation under the policies; or (ii) alternatively, that this Court declare that there is no coverage under the terms and exclusions of the insurance policies. (Doc. # 1 at 22-25).

---

[3] The Federal Insurance Plaintiffs identify nine insurance policies: the primary policy (Doc. # 1 at 8); the first excess layer policy (Doc. # 1 at 12); the second excess layer policy (Doc. # 1 at 12-13); the third excess layer policy (Doc. # 1 at 13-14); the fourth excess layer policy (Doc. # 1 at 14-15); the fifth excess layer policy (Doc. # 1 at 15-16); the sixth excess layer policy (Doc. # 1 at 16-17); the seventh excess layer policy (Doc. # 1 at 17-18 ); and the eighth excess layer policy (Doc. # 1 at 18-19).

The Banyon Defendants filed a motion to dismiss the complaint and a motion to change venue which remain pending. (Docs. ## 22, 24). This case was consolidated with case number 8:10-cv-1422-T-33AEP for the purposes of discovery upon Movant Ironshore Indemnity, Inc.'s Motion to Consolidate. (Doc. # 65).

Relevant to the instant issue, on August 20, 2010, counsel for the Banyon Defendants filed a Suggestion of Involuntary Bankruptcy as to Banyon 1030-32. (Doc. # 66). In the Suggestion of Involuntary Bankruptcy, Banyon 1030-32 represented that its creditors had filed an involuntary Chapter 7 Bankruptcy Petition against it in the United States Bankruptcy Court for the Southern District of Florida under case number 10-33691-BKC-JKO. (Doc. # 66 at 1-2).

As a result, the Court entered an Order staying and administratively closing the case as to Banyon 1030-32, and stating that no further action would be taken as to Banyon 1030-32 until either the Bankruptcy Court lifted the stay or the stay lapsed. (Doc. # 67). Additionally, the Order solicited a response from the Federal Insurance Plaintiffs regarding their preference as to whether the action should proceed against the remaining non-bankrupt Banyon Defendants or be stayed in its entirety. (Doc. # 67 at 1-2). As a

4

result of this Order, the Federal Insurance Plaintiffs and the Banyon Defendants filed the instant responses regarding the automatic stay. (Docs. ## 68, 70).

In their response, the Federal Insurance Plaintiffs allege that the automatic stay imposed by Section 362(a) of the Bankruptcy Code does not apply to the action against the non-bankrupt Banyon Defendants, and as such, they seek to proceed against the non-bankrupt Banyon Defendants. (Doc. # 68 at 2). Conversely, the Banyon Defendants oppose the continuation of this litigation against the non-bankrupt Banyon Defendants, citing the automatic stay. (Doc. # 70 at 2).

## II. Legal Standard and Analysis

Section 362 of the Bankruptcy Code governs the automatic stay applicable in bankruptcy proceedings. 11 U.S.C. § 362. Pursuant to Section 362(a)(3), the automatic stay is applicable to any act: (i) to obtain possession of property of the bankruptcy estate; or (ii) to exercise control over property of the estate. 11 U.S.C. § 362(a)(3). Further, Section 362(a)(3) applies to property of the estate regardless of whether the lawsuit is solely against the debtor, or against the debtor and others. See A.H. Robins Co., Inc. v. Piccinin (*In re* A.H. Robins Co., Inc.), 788 F.2d 994, 998-99

(4th Cir. 1986).

Insurance policies in a debtor's name, like those at issue here, are considered property of the debtor's estate, and as such, are subject to the automatic stay. (Doc. # 1 at ¶¶ 37, 39, 42, 45, 50, 51, 53, 58); see Houston v. Edgeworth (*In re* Edgeworth), 993 F.2d 51, 55 (5th Cir. 1993) (citing First Fid. Bank v. McAteer, 985 F.2d 114 (3d Cir. 1993); McArthur Co. v. Johns-Manville Corp., 837 F.2d 89 (2d Cir.), cert. denied, 488 U.S. 868 (1988); *In re* La. World Exposition, Inc., 832 F.2d 1391, 1399 (5th Cir. 1987); Tringali v. Hathaway Mach. Co., 796 F.2d 553 (1st Cir. 1986); A.H. Robins Co. v. Piccinin (*In re* A.H. Robins Co., Inc.), 788 F.2d 994 (4th Cir. 1986), cert. denied, 479 U.S. 876 (1986); *In re* Davis, 730 F.2d 176 (5th Cir. 1984); Wedgeworth v. Fibreboard Corp., 706 F.2d 541 (5th Cir. 1983)); see also, *In re* WMR Enter., Inc., 163 B.R. 884, 886 (Bankr. N.D. Fla. 1994)(holding that insurance policies are property of the estate and their cancellation is prohibited by the automatic stay); Gulf Tampa Drydock Co. v. Ins. Co. of N. Am. (*In re* Gulf Tampa of Fla., Inc.), 49 B.R. 154, 157 (Bankr. M.D. Fla. 1985)(in the context of cancelling an insurance policy, explaining that "[t]here is no question but that a policy of insurance, especially one in which the premium has been paid,

6

is a valid and binding contract between the insurance company and the insured and would constitute an asset of the bankruptcy estate . . . .").

In Edgeworth, the Fifth Circuit explained that "property of the estate," as defined in 11 U.S.C. § 541(a), includes:

> all legal or equitable interests of the debtor in property as of the commencement of the case. This definition is intended to be broadly construed, and courts are generally in agreement that an insurance policy will be considered property of the estate. Insurance policies are property of the estate because, regardless of who the insured is, the debtor retains certain contract rights under the policy itself. Any rights the debtor has against the insurer, whether contractual or otherwise, become property of the estate.

Edgeworth, 993 F.2d at 55 (internal citations omitted).

This Court has reviewed the Responses and the pertinent portions of the record and is otherwise fully advised in the premises. In this case, the Federal Insurance Plaintiffs request that this Court declare the insurance policies null and void ab initio or alternatively, declare that there is no coverage under the terms and exclusions of the insurance policies. (Doc. # 1 at 22-25). It is this Court's opinion that this requested relief will run afoul of the automatic stay should the insurance policies be construed as property of

the Banyon 1030-32 estate.[4]  11 U.S.C. § 362(a)(3).  As such, pursuant to the authorities outlined herein, this matter is stayed and administratively closed in its entirety.  No further action will be taken until such time as the Bankruptcy Court lifts the automatic stay or the stay lapses.  As such, to the extent that the Banyon Defendants' Response to the Court's Order seeks a stay of this matter in its entirety, it is granted.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

The aforementioned cases are **STAYED** and **ADMINISTRATIVELY CLOSED**, in their entirety.  No further action will be taken until such time as the Bankruptcy Court lifts the stay or the stay lapses.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 27th day of September, 2010.

---

[4]  The Federal Insurance Plaintiffs argue that the policies were "rescinded" prior to the bankruptcy, thus leaving Defendant Banyon 1030-32 without any cognizable interest in the policies.  However, the Bankruptcy Court has "related to" jurisdiction to determine whether such policies were properly rescinded.  See In re Farmland Indus., Inc., 296 B.R. 793, 804-05 (8th Cir. B.A.P. 2003) (citing Nat'l Union Fire Ins. Co. of Pittsburgh Pa. v. Titan Energy, Inc., 837 F.2d 325, 330 (8th Cir. 1988) (holding that dispute between insurer and insured as to whether certain insurance policies were rescinded was related to bankruptcy case).

                                          _____
                                          VIRGINIA M. HERNANDEZ COVINGTON
                                          UNITED STATES DISTRICT JUDGE

Copies:

All Counsel of Record